UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THE CITY OF NEW YORK,

                                                     Plaintiff,

-against-

ALBERT ELOVITZ, INC.,

                                                    Defendant.

------------------------------------------------------------------------ x

**MOTION FOR JUDGMENT ON THE PLEADINGS**

04 Civ. 02787 (DC)

## Introductory Statement

Plaintiff, The City of New York ("the City"), respectfully submits this memorandum of law in support of its motion for judgment pursuant to Fed. R. Civ. P. 12(c) on the Sixth Counterclaim and on the defenses alleged in Paragraphs 59 through 68 of the Amended Answer, on grounds of legal insufficiency and, with respect to the Sixth Counterclaim, on the further grounds that the claim is frivolous and time-barred.

## Background Facts

This is a trademark infringement action based on Defendant's admitted sale of merchandise bearing the logos of the New York City Police Department and the New York City Fire Department. The City is the owner of certain trademarks associated with the police department, including the letters "NYPD" (the "NYPD logo") and the distinctive shield design (the "NYPD Shield Design")(together, "the NYPD Marks"), and with the fire department, including the letters "FDNY" (the "FDNY logo") and the distinctive shield design (the "FDNY Shield Design")(together, "the FDNY Marks")(collectively, "the City's Marks"). The NYPD Marks have been part of the official uniform worn by police officers since about 1971 and the FDNY marks have been part of the official uniform of the fire department since about 1976 with

- 2 -

the FDNY mark itself having been used for about 100 years.  In addition, as detailed in the Complaint, the City's Marks have been used in commerce as trademarks on clothing and apparel sold to the public and have become famous throughout the world.

Defendant admits (Amended Answer, ¶¶ 25, 72) that it has been selling merchandise bearing the City's Marks.

## The Sixth Counterclaim and the Corresponding Affirmative Defenses

Defendant has asserted six counterclaims and fifteen affirmative defenses.  This motion is directed to only the Sixth Counterclaim and the Twelfth through the Fifteenth Affirmative Defenses (¶¶ 59-67), none of which has any merit as a matter of law.

The Sixth Counterclaim and the challenged affirmative defenses are based on the concocted theory that the City's entire licensing program is contrary to law and constitutes an illegal tax.  As discussed below, the Sixth Counterclaim and the corresponding affirmative defenses are frivolous and, in any event, barred by the applicable statute of limitations. Accordingly, they must be dismissed.

**ARGUMENT**

**DEFENDANT'S SIXTH COUNTERCLAIM AND ITS
TWELFTH THROUGH FIFTEENTH AFFIRMATIVE
DEFENSES FAIL TO STATE A CLAIM UPON
WHICH RELIEF CAN BE GRANTED
AND MUST BE DISMISSED**

**A.  Standard of Review**

In reviewing a motion for judgment on the pleadings under Rule 12(c), a court may consider any of the pleadings, including the complaint, the answer, and nay written instruments attached thereto.  2 Moore's Federal Practice § 12.38 (3d ed.).  Because a defense of failure to state a claim upon which relief can be granted cannot be waived, when it is raised at this stage in the pleadings it is treated as a motion to dismiss.  See National Association of Pharm. Mfgs. v. Ayerst Labs, 850 F.2d 904, 909 n. 2 (2d Cir. 1988).  Motions under Rule 12(h) are governed by the same legal standards as a motion to dismiss made under Rule 12(b).  Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 125-26 ((2d Cir. 2001).

A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-movant.  Id.; Patel v. Searles, 305 F.3d 130, 134-35 (2d Cir. 2002).  Legal conclusions, however, are not presumed to be true.  First Nat'l Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994), cert. denied, 513 U.S. 1079 (1995).  The pleading "must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory."  Huntington Dental & Med. Co. v. 3M, 1998 U.S. Dist. LEXIS 1526, 1998 WL 60954, at *3 (S.D.N.Y. Feb. 13, 1998).

A court may not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Citibank, N.A. v. K-H Corp., 968 F.2d 1489, 1494 (2d Cir. 1992).

### B. Defendant's Sixth Counterclaim and the Corresponding Twelfth Through Fifteenth Affirmative Defenses are Frivolous and Time Barred

Defendant's Sixth Counterclaim and the Twelfth through the Fifteenth Affirmative Defenses (the "Challenged Defenses") are based upon the completely unprecedented and frivolous theory that the City's trademark licensing program constitutes an unauthorized, illegal and unlawful tax. It is a concoction without any factual or legal support.

Suffice it to say that the City has a broad general grant of power to "manage and control its property" and it has been "granted all the rights, privileges and jurisdiction necessary and proper for carrying such power into execution." N.Y. Gen. City Law § 19 ("No enumeration of powers in this or any other law shall operate to restrict the meaning of this general grant of power, or to exclude other powers comprehended within this general grant.").

In any event, even if the claim is not frivolous, it is time barred, since the decision by the City to engage in a merchandising licensing program with respect to its NYPD and FDNY trademarks was made and implemented many years before the events of September 11, 2001. As a broad-based challenge to an administrative policy decision, the Challenged Defenses are barred by the four-month statute of limitations applicable to proceedings against a body or officer. See CPLR 217(1).

When a challenge is directed at an administrative policy or decision, the four-month statute of limitations under CPLR §217 governs. On the other hand, when a challenge is directed at a legislative act or statute, then a declaratory judgment action is the appropriate vehicle, as to which the catch-all six-year statute of limitations under CPLR §213 applies. See American Independent Paper Mills Supply Co. Inc. v. County of Westchester, 16 A.D.3d 433,

- 4 -

791 N.Y.S.2d 618 (2d Dep't 2005).  See also Matter of Save the Pine Bush v. City of Albany, 70 N.Y.2d 193, 202, 512 N.E.2d 526, 518 N.Y.S.2d 943 (1987) ("[W]hen the challenge is directed not at the substance of the ordinance but at the procedures followed in its enactment, it is maintainable in [a CPLR] article 78 proceeding"); Atkins v. Town of Rotterdam, 266 A.D.2d 631, 632, 697 N.Y.S.2d 780, 781 (3rd Dep't 1999) ("the true nature of the action is a challenge to the procedures used in the adoption of the resolution and agreement and, thus, it is the proper subject of a CPLR article 78 proceeding, which is governed by the four month Statute of Limitations (see CPLR 217)").

Saunders v. City of New York, 283 A.D.2d 166, 725 N.Y.S.2d 18 (1st Dep't 2001), serves to illustrate the distinction.  There, the plaintiff sought to challenge the City's policy of assigning Work Experience Program (WEP) workfare participants to perform tasks in the City's various municipal agencies as being a violation of the Social Services Law.  Although clearly a challenge to an administrative decision, the lower court rejected the argument that the four-month statute of limitations applied, reasoning that plaintiff is not challenging "a discrete government act or determination" but rather a "continuing government policy," such that a declaratory judgment action, not an article 78 proceeding, is the appropriate vehicle of relief.  On appeal, however, the Appellate Division, First Department, found this reasoning to be erroneous and held that "[b]ecause plaintiff is challenging not the 'non-displacement' statute itself but the propriety of proceedings taken under the statute, an article 78 proceeding is the proper vehicle." 283 A.D.2d at 167 (citations omitted).

At the other end of the spectrum are decisions such as American Independent Paper Mills, supra, which involve challenges to statutes and other legislative acts.  In that case, plaintiff sought to challenge the Westchester County Solid Waste and Recyclables Collection

Licensing Law, under which transfer stations for recyclables are licensed. The plaintiff, a licensee, brought an action seeking a declaration, inter alia, that the transfer station fee was unconstitutional because the fee was greater than a sum reasonably necessary to cover the costs of issuance, inspection, and enforcement and, therefore, constituted an unauthorized tax. The lower court applied the four-month limitation and dismissed the action, holding that the challenge could have been brought as an Article 78 proceeding. On appeal, the Appellate Division, Second Department, reversed and reinstated the complaint, observing that "a proceeding pursuant to CPLR article 78 is not available to challenge the validity of the substance of a legislative act." 791 N.Y.S.2d at 619.

In this case, the proper vehicle for a challenge to the City's licensing program would have been an Article 78 proceeding commenced within four months of the decision by the City to begin licensing its marks, which occurred years before 2001. See, eg., Complaint ¶ 34. This follows since the decision being challenged is the administrative decision to establish a licensing program and not the general enabling statute under which the City derives its power to utilize and exploit its intellectual property assets.

That the form of the action chosen by the party making the challenge is not the controlling factor was made clear in New York City Health & Hospitals Corp. v. McBarnette, 84 N.Y.2d 194, 639 N.E.2d 740, 616 N.Y.S.2d 1 (N.Y. 1994), in which the Court of Appeals engaged in a critical analysis of the applicable law. McBarnette involved a declaratory judgment action challenging the promulgation of Medicaid reimbursement rates. The Court stated:

> Only if there is no other "form of proceeding for which a specific limitation period is statutorily provided" may the six-year catch-all limitations period provided in CPLR 213 (1) be invoked (49 NY2d, at 229-230). In other words, if the claim could have been made in a form other than an action for a declaratory judgment and the limitations period for an action in that form has already

>expired, the time for asserting the claim cannot be extended through the simple expedient of denominating the action one for declaratory relief. . . .

84 N.Y.2d at 201 (citations omitted).

The Court then went on to explain the dichotomy between "legislative acts" and "administrative acts," noting that confusion had arisen because of "the ambiguity of the terminology and the absence of a cohesive analytical structure to lend perspective to the existing case law," particularly in cases involving "quasi-legislative" administrative decisions that have broad application, as distinguished from "individualized" decisions.  84 N.Y.2d at 203.  The Court explained:

>The maxim that article 78 does not lie to challenge legislative acts is derived from the separation-of-powers doctrine which made the use of the judiciary's "prerogative writ" unavailable as a vehicle for challenging an act of a legislative body. . . .  That same principle, however, has no application to the quasi-legislative acts of administrative agencies.  With respect to those acts, there is no reason why article 78 review in the nature of "mandamus to review" should not be available to the extent that the challenge fits within the language and accompanying gloss of CPLR 7801 and 7803 (3).

84 N.Y.2d at 203-04 (citations and footnotes omitted).

The Court of Appeals left no room for doubt that even broad-based challenges to so-called "quasi-legislative" administrative policy decisions having broad application – such as the decision to engage in the trademark licensing program at issue here – are subject to the four-month statute of limitations applicable to Article 78 proceedings, no matter what the nature of the proceedings in which they arise.  The Court stated:

>[W]here a quasi-legislative act by an administrative agency such as a rate determination is challenged on the ground that it "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]), a proceeding in the form prescribed by article 78 can be

> maintained and, as a corollary matter, the four-month Statute of Limitations that ordinarily governs such proceedings is applicable.
>
> To be sure, in most situations, agencies' generally applicable decisions do not lend themselves to consideration on their merits under the provisions for mandamus to review, because they concern rational choices among competing policy considerations and are thus not amenable to analysis under the "arbitrary and capricious" standard. Nonetheless, there are certainly cases in which even a nonindividualized, generally applicable quasi-legislative act such as a regulation or an across-the-board rate-computation ruling can be challenged as being "affected by an error of law," "arbitrary and capricious" or lacking a rational basis (CPLR 7803 [3]).

84 N.Y.2d at 204-05 (footnote omitted).

In Matter of Young v. Board of Trustees of Village of Blasdell, 89 N.Y.2d 846, 848-49, 675 N.E.2d 464, 465-66, 652 N.Y.S.2d 729, 730-31 (N.Y. 1996), the Court of Appeals emphasized that the triggering event for purposes of the statute of limitations depends on what actions are being challenged and that such event occurs when the administrative body making the decision commits itself to "a definite course of future decisions." Subsequent decisions implementing the policy do not serve to renew or extend the statute of limitations. Id. (holding that the Board's decision-making process was complete when it made its initial SEQRA declaration and was not extended by a later resolution following reconsideration of the initial declaration).

Based on the foregoing, the Challenged Defenses are clearly time barred and should be dismissed. Further, since the Challenged Defenses are legally insufficient, there are no facts that can be alleged that would make those defenses cognizable in law.

**CONCLUSION**

Based on the foregoing authorities, Plaintiff is entitled to judgment in its favor on Defendant' Sixth Counterclaim, and the corresponding Twelfth through Fifteenth Affirmative Defenses should be dismissed.

Dated:  New York, New York          FITZPATRICK, CELLA, HARPER & SCINTO
        June 28, 2005               30 Rockefeller Plaza
                                    New York, New York 10112-3800

                              By:   s/ Tila M. Duhaime          /
                                    NICHOLAS M. CANNELLA (NC9543)
                                    PASQUALE A. RAZZANO (PR7340)
                                    TIMOTHY J. KELLY (TK8241)
                                    TILA M. DUHAIME (TD8787)

                                    MICHAEL A. CARDOZO
                                    GERALD E. SINGLETON (GS4750)
                                    KATHERINE WINNINGHAM (KW2900)
                                    Corporation Counsel of the
                                      City of New York
                                    Affirmative Litigation Division
                                    100 Church Street, New York, New York 10007
                                    (212) 788-1012

                                    Attorneys for Plaintiff The City of New York

NY_Main 509294_1